# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BRIAN DOUGHTY,**
**Claimant Below, Petitioner**

**FILED**

February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0352** (BOR Appeal No. 2053326)
(Claim No. 2018020035)

**CHARLESTON MORTUARY SERVICE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian Doughty, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Charleston Mortuary Service, LLC, by Counsel Jane Ann Pancake and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on April 16, 2018. The Office of Judges affirmed the decision in its August 27, 2018, Order. The Order was affirmed by the Board of Review on January 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Doughty, a body recovery and transport person, alleges that he was injured in the course of his employment.[1] A February 9, 2011, treatment note from the Center for Pain Relief indicates Mr. Doughty suffered neck pain, low back pain, and right leg pain due to a June 9, 2010, compensable injury. The diagnoses included cervicalgia, cervical radiculopathy, and lumbar radiculopathy. On October 19, 2012, it was noted that Mr. Doughty was taking the medication Suboxone for opioid addiction.

---

[1]It is unclear from the record what date Mr. Doughty sustained this alleged injury as he provided multiple dates and mechanisms of injury.

1

A July 24, 2017, treatment note by Zachary Hansen, M.D., indicates Mr. Doughty was lifting a body a few weeks prior that weighed over four hundred pounds. Mr. Doughty stated that he tripped while trying to get the legs of the gurney out and felt pain in his groin and lower abdomen. He also stated that a week following the first injury, he went to pick up a hammer and felt pain in his back. On October 16, 2017, Mr. Doughty reported that he injured his wrist carrying a six hundred pound body down some stairs.

In a December 11, 2017, recorded statement, Mr. Doughty alleged that on December 8, 2017, he reaggravated his hip while lifting a gurney. He asserted that he reported the injury to his employer and treating physician. Mr. Doughty also reported that he sustained an injury four months prior but did not file a claim because he was waiting to see if his pain subsided. In a December 20, 2017, letter, Mr. Doughty requested that he be able to return to work. He stated that his December 8, 2017, injury was a continuation of an injury he sustained four months prior. He stated that he refused to be seen by workers' compensation doctors and wished to see his treating physician. Mr. Doughty asserted that he was fully capable of returning to full duty work with no restrictions.

On February 22, 2018, Mr. Doughty completed a statement to the claims administrator in which he alleged that he sustained an injury that same day. Mr. Doughty stated that while loading a body into his vehicle, the gurney got caught and resulted in him injuring his low back and groin. He stated that he had a similar injury six to eight months prior. Mr. Doughty did not seek emergency medical treatment for the February 22, 2018, injury and instead called his treating physician who set up an appointment.

An Employee's and Physician's Report of Injury was completed on February 27, 2018, in which Mr. Doughty asserted that he injured his lower back and groin while loading a body into a van on December 8, 2017. The physician's section was completed by Dr. Hansen who diagnosed a pulled muscle. In a second Employee's and Physician's Report of Injury, dated March 12, 2018, Mr. Doughty asserted that he injured his groin and lower back on February 23, 2018, while transferring a body onto a gurney. Dr. Hansen completed the physician's section and indicated that the injury aggravated a previous similar work-related injury.

A March 13, 2018, treatment note by Dr. Hansen indicates that Mr. Doughty reported he was pulling on a body at work the week prior and injured himself again. A March 28, 2018, treatment note from Charleston Area Medical Center Emergency Room indicates Mr. Doughty was treated for neck and lower back pain. He stated that he had intermittent lower back pain radiating into the right leg for the previous six months. A lumbar x-ray showed mild degenerative changes.

Mr. Doughty returned to Dr. Hansen on May 14, 2018, for lower back and right leg pain. Dr. Hansen noted that Mr. Doughty was injured in December of 2017 but did not file a workers' compensation claim. It was noted that Mr. Doughty walked with an abnormal gait and had numbness in his right leg. Dr. Hansen diagnosed lumbago. He noted that Mr. Doughty continued

to take Suboxone for opioid addiction. A lumbar MRI was performed on May 21, 2018, and showed degenerative disc disease.

On July 7, 2018, Mr. Doughty answered interrogatories for his alleged December 8, 2017, injury. He stated that he injured his back, neck, and mid-section while transporting a five hundred pound body.

Dr. Hansen wrote a letter on July 19, 2018, in which he stated that in July of 2017, Mr. Doughty was carrying a gurney when the legs got caught causing him to feel pain in his groin and lower abdomen. He said he felt the same pain a week later while doing work at home. Dr. Hansen stated that Mr. Doughty was seen again in March of 2018 and reported that he injured himself again while lifting a heavy body. He did not file a claim at that time because he felt his condition would improve with rest. Mr. Doughty then began experiencing lower back pain with radiation into the right leg. Dr. Hansen stated that Mr. Doughty had never reported such severe lower back pain in the past. Dr. Hansen noted that he was taking Suboxone for opioid addiction and that the medication was somewhat reducing his pain.

In a July 20, 2018, affidavit, Dale Burger, a manager for the employer, stated that the employer began implementing drug and alcohol testing on December 7, 2017. Mr. Doughty was informed of the policy. The first test was administered on December 14, 2017, but Mr. Doughty did not appear for testing. On February 22, 2018, the second test was administered. Mr. Burger stated that the surveillance cameras that day showed that Mr. Doughty entered the office where the test was being administered, saw the test was being administered, immediately left the office, and drove away in his vehicle. Mr. Burger stated that Mr. Doughty did not report an injury to him that day and did not clock out before leaving. The owner of the business then called Mr. Burger and stated that Mr. Doughty sent a text message stating that he was injured that morning.

Mr. Doughty testified in a hearing before the Office of Judges on July 23, 2018, that he was injured on December 8, 2017, while lifting a 450 to 500 pound body from a gurney to a table. He stated that he informed the employer that he "may have pulled something". Mr. Doughty testified that he took ten days off of work to recover and returned on December 20, 2017. On cross-examination Mr. Doughty denied being treated for opioid addiction or taking Suboxone. He also denied any prior low back or right leg symptoms. Mr. Doughty also denied prior treatment at the Center for Pain Relief for his neck. He further stated that he had several prior injuries due to lifting bodies but asserted that his initial injury was on December 8, 2017. He testified that his February 22, 2018, injury was not an injury but rather an aggravation of the December 8, 2017, injury.

The claims administrator rejected the claim on April 16, 2018. The Office of Judges affirmed the decision in its August 27, 2018, Order. It concluded that Mr. Doughty's description of the alleged injury is inconsistent. He provided two different explanations of the alleged December 8, 2017, injury. The Office of Judges found that he also provided inconsistent accounts of his alleged February 22, 2019, injury. Further, Mr. Doughty stated in his December 11, 2017, recorded statement that his December 8, 2017, injury was an aggravation of an injury that occurred four months prior. Dr. Hansen's treatment note from July 24, 2017, indicates that Mr. Doughty sustained a work-related injury a few weeks prior and then aggravated his back while lifting a

3

hammer at home. The Office of Judges also noted that Mr. Doughty denied any groin or low back symptoms prior to December 8, 2017, but the medical records contradicted the denial. The Office of Judges noted that though Dr. Hansen completed the Report of Injury for a December 8, 2017, injury, he indicated on the form that Mr. Doughty had the same symptoms prior to that day. Further, his July 19, 2018, letter states that Mr. Doughty had low back pain in May of 2014. Based on a preponderance of the evidence, the Office of Judges concluded that Mr. Doughty did not sustain a compensable injury in the course of his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). In this case, Mr. Doughty provided inconsistent accounts of various work-related injuries in July of 2017, December of 2017, and February of 2018. Though he completed an application for benefits for the February 22, 2018, injury, Mr. Doughty did not provide consistent, reliable evidence to sustain his burden of proof.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison